IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.

NICHOLAS G. PEACOCK

_____/

INDICTMENT

3:16cr54/MCR

**THE GRAND JURY CHARGES:**

### COUNT ONE

Between on or about December 1, 2015, and on or about April 4, 2016, in the Northern District of Florida and elsewhere, the defendant,

**NICHOLAS G. PEACOCK,**

using a facility and means of interstate commerce, did knowingly persuade, induce, and entice, and attempt to persuade, induce, and entice, an individual who had not attained the age of 18 years, to engage in sexual activity for which any person can be charged with a criminal offense.

In violation of Title 18, United States Code, Section 2422(b).

### COUNT TWO

On or about April 1, 2016, in the Northern District of Florida and elsewhere, the defendant,

Returned in open court pursuant to Rule 6(f)

June 21, 2016
Date

United States Magistrate Judge

## NICHOLAS G. PEACOCK,

did knowingly travel in interstate commerce, from the State of North Carolina to the State of Florida, for the purpose of engaging in illicit sexual conduct, as defined in Title 18, United States Code, Section 2423(f), with a person under 16 years of age.

In violation of Title 18, United States Code, Section 2423(b).

## CRIMINAL FORFEITURE

The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of Title 18, United States Code, Section 2428.

From his engagement in the violations charged in Counts One and Two of this Indictment, the defendant,

## NICHOLAS G. PEACOCK,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2428, all of his interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense.

If, as the result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

      i.      cannot be located upon the exercise of due diligence;

      ii.     has been transferred or sold to, or deposited with, a third person;

      iii.    has been placed beyond the jurisdiction of the Court;

      iv.    has been substantially diminished in value; or

      v.     has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of any forfeitable property described above.

A TRUE BILL:

\_\_\_\_Redacted per privacy policy\_\_\_\_
FOREPERSON

6/21/2016
DATE

_____
CHRISTOPHER P. CANOVA
United States Attorney

_____
DAVID L. GOLDBERG
Assistant United States Attorney