IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.                                             Case No.: 3:16cr54/MCR/MAL

NICHOLAS PEACOCK,
    Defendant.
_____

# REPORT AND RECOMMENDATION

This case is before the Court on Defendant's "Motion for Sanction Against Government" (ECF No. 164), "Motion to Withdraw Plea" (ECF No. 165) and Motion to Supplement Motion to Withdraw Plea (ECF No. 166). These motions have been referred to me by the District Judge. *See* ECF No. 170.

**Motion for Sanction Against Government**

In Defendant's Motion for Sanction Against Government, Defendant seeks "at the very least, disposing of these illegal convictions, and moving the government to compensate the defendant (the TRUE victim in this case) for all the years of lost wages, illegal confinement, and severe emotional distress caused to him." ECF No. 164 at 4. This motion should be denied because a motion for sanctions is not the appropriate procedural vehicle to obtain any of the relief Defendant seeks.

To the extent Defendant wishes to attack his convictions, he cannot do so through a motion for sanctions. Rather, he should seek relief through a motion to vacate, set aside or correct sentence under Title 28, United States Code, Section 2255.[1] Defendant has filed a § 2255 motion, which he has been directed to amend. *See* ECF Nos. 167, 168. As Defendant was instructed, he must include all arguments he has for vacating his convictions in the § 2255 motion. Any omitted claims may be barred by either the limitations period of § 2255(f) or the restrictions on second or successive motions set forth in § 2255(h).

To the extent Defendant seeks compensatory damages, his motion for sanctions is not the correct procedural vehicle for doing so. The correct procedural vehicle for seeking compensatory damages is a civil suit that states a valid claim for relief.

**Motion to Withdraw Plea**

Defendant's motion to withdraw plea (ECF No. 65) is untimely because the court has already imposed sentence. Rule 11(e) of the Federal Rules of Criminal Procedure provides "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." At this time, Defendant cannot withdraw his plea

---

[1] *See Dees v. Murphy*, 794 F.2d 1543, 1544 (11th Cir. 1986) ("[H]abeas corpus is the 'exclusive initial cause of action' where the claim challenges the constitutionality of the conviction.").

by motion. Defendant may raise this issue by collateral attack; that is, by including it as a ground for relief in his amended § 2255 motion. Again, Defendant must include all arguments he has for vacating his convictions in the § 2255 motion, lest omitted claims be barred by either § 2255(f) or § 2255(h).

### Motion to Supplement Motion to Withdraw Plea

Finally, Defendant has filed a Motion to Supplement the Motion to Withdraw Plea to reflect his reliance on multiple previously filed affidavits. ECF No. 166. In light of Federal Rule of Criminal Procedure 11(e)'s prohibition on post-sentencing motions to withdraw guilty pleas, this motion should be denied as moot.

Accordingly, it is respectfully RECOMMENDED:

Defendant's "Motion for Sanction Against Government" (ECF No. 164), "Motion to Withdraw Plea" (ECF No. 165) and Motion to Supplement Motion to Withdraw Plea (ECF No. 166) be denied.

At Gainesville, Florida on April 21, 2023.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed

within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.